CHARLES O. EMERY *vs.* INHABITANTS OF SANFORD.

York.    Opinion March 11, 1899.

*Taxes. Assessment. Omission. Remedy. R. S., c. 6, § 142; c. 77, § 6; R. S., 1841, c. 14, § 88.*

Section 142 of chapter 6 of the revised statutes provides that no error, mistake or omission of assessors of taxes shall render their assessment void, but gives to the taxpayer a right of action to recover any damages which he has sustained by reason of such mistakes, errors or omissions.

*Held;* that the word "omission" in this statute was intended to signify an absence of the requisite formalities in assessments and commitments, and a failure to observe the regulations of the statute which were intended to promote system and uniformity in the mode of proceeding; and that it is not to be extended so as to apply to cases of omission to include in the assessment all the property which ought to be taxed.

Among the adequate remedies, which are available for property owners to secure equal and legal taxation, is that prescribed in section six of chapter 77, R. S., giving to this court full equity jurisdiction of all complaints relating to the unauthorized exemption of property from taxation, upon application of ten taxable inhabitants of the town.

ON EXCEPTIONS BY PLAINTIFF.

Action on the case, under R. S., c. 6, § 142, against the town of Sanford to recover special damages by reason of the failure, neglect and omission of the proper town officers to assess upon certain taxable property in that town any tax for the year of 1893, thus causing the plaintiff, as he alleged, to pay more than his just proportion of town, county and state taxes.

## DECLARATION.

In a plea of the case: for that the plaintiff heretofore, to wit: on the first day of April A. D. 1889 and before that time was a citizen of the town of Sanford in said county of York, and in said town on said day and during said year, owned and enjoyed certain property the subject of taxation, and upon which, for said year he paid a tax; that in said town of Sanford during said year there was other property subject to taxation, and that upon all of said property there was assessed a tax for town purposes and for the payment of the share of said Sanford of the state and county tax, which said tax for said year of 1889 was assessed equally upon all the taxable property in said town of Sanford.

And the plaintiff alleges that heretofore, to wit: on the twenty-fourth day of August A. D. 1889, at a meeting of the voters of said town of Sanford then and there held, a certain vote was passed, to wit:

" On motion, voted to exempt from taxation for ten years or abate the taxes for ten years on any lands, buildings, machinery or stock, raw, manufactured or in the process of manufacture, anywhere in the town of Sanford which shall be constructed within five years from the date hereof. And the plaintiff alleges that thereafterward, to wit: on the first day of April, A. D. 1893, there was purchased, erected, set up, manufactured, in process of manufacture and in use, in said town of Sanford, certain land, buildings, machinery, stock raw, manufactured and in process of manufacture, the subject of taxation in said town, to wit: A certain shoe shop known as the Fogg & Vinal shop with its lands, buildings, machinery, fixtures, stock raw, manufactured and in process of manufacture of certain value, to wit: $37,500; a certain shop known as the Burleigh & Usher shop, with its land, buildings, machinery, fixtures, stock raw, manufactured and in process of manufacture of a certain value, to wit, $20,000; and the land, buildings, machinery, fixtures, stock raw, manufactured and in process of manufacture of the Goodall Worsted Company of a certain value, to wit: $500,000; all of said property being of a certain value, to wit: $557,500; upon which said property there

should have been assessed a tax proportionally in common with all the other taxable property in said town of Sanford.

Nevertheless, the plaintiff alleges the said defendant, by its officers thereto duly chosen and qualified, not regarding the lawful rights of this plaintiff, failed, neglected and omitted to add the said value of the said property, to wit: the said shop known as the said Fogg & Vinal shop, with its said land, buildings, machinery, fixtures, stock raw, manufactured and in process of manufacture; said shop known as the Burleigh & Usher shop with its said land, buildings, machinery, fixtures, stock raw, manufactured and in process of manufacture, and the said land, buildings, machinery, fixtures, stock raw, manufactured and in process of manufacture of the Goodall Worsted Company, to the value of the other said taxable property in said town in establishing a basis of taxation in said town for said year for the purpose of raising money for lawful town purposes and for the payment of the said town's proportional part of the state and county tax for said year; and failed, neglected and omitted to assess upon said property a tax proportionally equal to the tax assessed upon the said other taxable property in said town, and neglected and omitted to assess upon said Fogg & Vinal property, said Burleigh & Usher property, and said Goodall Worsted Company's property any tax, but unlawfully exempted said property from any tax in said town for said year.

And the plaintiff alleges that the tax upon his said property in said town for said year 1893, as returned to the collector of taxes for said town for said year, was a certain sum, to wit: $138.14, which sum he alleges, was not the amount fairly and justly due as his tax for said year 1893, but that his said tax, but for said neglect, failure and omission, should have been a certain sum, to wit: $95.38, and that the said increase in the amount of his said tax was by reason of the unlawful exemption aforesaid of said property from taxation, the omission aforesaid to assess upon said property a just proportion of the said tax for said town for said year, and the unequal assessment of the entire tax aforesaid upon the remaining taxable property in said town. And the plaintiff alleges that heretofore, to wit: on the 17th day of September A. D. 1895, he paid to the selectmen

of said town for said year 1895 the said sum of $138.14 and that he then and there protested against the payment of same on account of the said errors, mistakes and omissions of said officers in the said unequal assessments of said taxes in said town for said year 1893, and the exemption aforesaid; and that he paid sum under protest for said reasons. And the plaintiff alleges that by reason of the said errors, mistakes and omissions of said town by its said officers and the payment of said sum as aforesaid, he has sustained great injury and damage, to wit: to the damage, as he says, the sum of three hundred dollars, and that an action has accrued to him to have and recover of the said defendants said sum.

The defendant town filed a general demurrer to the declaration which the presiding justice sustained. To this ruling the defendant took exceptions.

*B. F. Hamilton and B. F. Cleaves*, for plaintiff.

There is no provision of law by which the town can exempt. But the assessors omitted to tax such property as is described in the writ. When the town attempts to do this, or the assessors, by reason of mistake, error or omission fail to do their duty, § 142 of c. 6 provides a remedy. This court has held in *Hayford* v. *Belfast*, 69 Maine, 63 (65) that "errors or omissions of the assessors do not affect the tax, but having paid that, he is entitled to an action . . . not to recover his money back," but for his "damages sustained by reason of such errors or omissions," citing this statute.

In *Rogers* v. *Greenbush*, 58 Maine. p. 292, referring to this same section, the court says "the apparent intent of the section is . . . . to leave the party, as to errors, mistakes and omissions by the town officers, to his action in the case for his special damages." In *Gilman* v. *Waterville*, 59 Maine, p. 493, "for such errors no action can be sustained against the town except as provided in R. S., ch. 6, § 114, [now § 142.] Under that provision, if the plaintiff has suffered damage by reason of the mistakes, errors or omissions of the assessors, etc., the tax is not void but he may recover such damages in a proper action against the town." In *Smith* v. *Readfield*, 27 Maine, 145, the court is of opinion that

where a person pays a tax under the circumstances set forth in the case at bar, he should make such payment under protest.

Inasmuch as the value of this exempted property went to make up the state valuation of the town of Sanford, it was illegal for the town to pass a vote exempting this property from the payment of its due proportion of the state and county tax, because such a vote carried into effect made this plaintiff pay a proportion of the tax which was really due from, and should have been borne by, this exempted property. And further, the value of this exempted property should have paid its due proportion of the tax for lawful town purposes. It was illegal for the town to vote (in substance) that this plaintiff should pay, in addition to his own tax, a proportional part of the amount this exempted property should have paid.

But, whatever the town did, the statute makes it the plain duty of assessors to assess upon all property, not by law exempt, its due proportion of all taxes; and when they omit to do this section 142 gives a remedy. The action should not be for money had and received, but an action for special damages.

*G. W. Hanson,* for defendant.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J. In this action the plaintiff, a taxpayer in the defendant town, seeks to recover damages alleged to have been sustained by him in consequence of the omission of the assessors to include in their assessment a large amount of property belonging to other persons which was legally liable to taxation in the defendant town. At the return term of the writ the defendants filed a general demurrer to the declaration, and the case comes to this court on exceptions to the ruling of the presiding judge, sustaining the demurrer.

The plaintiff contends that his action is maintainable under the provisions of section 142 of chap. 6, R. S., which are as follows: "If money not raised for a legal object, is assessed with other moneys legally raised, the assessment is not void; nor shall any error, mis-

take or omission by the assessors, collector or treasurer, render it void; but any person paying such tax, may bring his action against the town in the supreme judicial court for the same county, and shall recover the sum not raised for a legal object, with twenty-five per cent interest and costs, and any damages which he has sustained by reason of the mistakes, errors or omissions of such officers."

In view of the mischief obviously designed to be prevented and the object sought to be accomplished by this statute, it is the opinion of the court that it is not fairly susceptible of the interpretation contended for by the plaintiff; and that it could never have been intended to authorize an action for damages by every taxpayer in the town, for failure of the assessors to reach and include in their assessment all the taxable property in the town. It was evidently the primary purpose of this enactment to provide that assessments of taxes should not be vitiated by mere errors, mistakes and irregularities on the part of assessors in making their assessments and commitments. Prior to the enactment of this statute it had been held that the omission of the assessors, through error of judgment or mistake of law, to tax any particular individual who might be liable to taxation, did not render the whole tax illegal and void. *Williams* v. *Sch. Dist., in Lunenburg*, 21 Pick. p. 81; and it has repeatedly been so held since that time. *Watson* v. *Princeton*, 4 Met. 599; *Dover* v. *Maine Water Co.*, 90 Maine, 180. Since the passage of the act in question (see R. S., 1841, ch. 14, § 88) it has been the avowed policy of the law to insure the collection of the tax and to place upon the taxpayer the burden of showing that he has actually suffered damage by reason of any failure of the assessors to observe the directions given as to the manner of the assessments. *Boothbay* v. *Race*, 68 Maine, 351. The word "omission" in this statute should be considered in connection with the words "error" and "mistake" which precede it, and be interpreted with reference to the rule of ejusdem generis. It was intended to signify an absence of the requisite formalities in assessments and commitments, and a failure to observe the regulations of the statute which were intended to promote method, system and

uniformity in the mode of proceeding. It was clearly never in the contemplation of the legislature that it would be extended to apply to cases of omission to include in the assessment all the property which ought to be taxed. As observed by the court with reference to the analogous question in *Dover* v. *Maine Water Co.*, 90 Maine, supra : "The consequences of such a doctrine are enough to condemn it." There is scarcely an assessment in the state that would not be open to assault for some such omission of property, either accidental, or otherwise, and suits for damages in behalf of dissatisfied taxpayers would multiply with vexatious rapidity. No authority cited by the plaintiff's counsel supports such a doctrine. In every case cited by him in which reference is made to a right of action under this statute, the question turns upon an "omission" of the requisite formalities in the assessment or commitment of the taxes and in no instance upon an "omission" to tax all the property which ought to be taxed.

Among the adequate remedies, however, which are available to property-owners and taxpayers to secure equal and legal taxation, is that prescribed in paragraph 9 of Sec. 6, Ch. 77, R. S., in which, on application of not less than ten taxable inhabitants of a town, full equity jurisdiction is conferred upon this court to hear and determine all complaints relating to any unauthorized votes of such town to raise money by taxation or to exempt property therefrom. But upon the facts stated in the present declaration, this action is not maintainable and the demurrer was properly sustained.

*Exceptions overruled.*